# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENNETH A. ROBERTS
    Petitioner,

 v.             Case No. 07C0722

STEVE WATTERS,[1]
    Respondent.

## DECISION AND ORDER

  On August 10, 2007, Kenneth Roberts filed this petition pursuant to 28 U.S.C. § 2254, asserting that his civil commitment pursuant to Wis. Stat. chapter 980 violated the Constitution. The civil commitment proceedings were held in the Oneida County Circuit Court, and on June 3, 2005, an order issued committing petitioner for an indefinite period of time. Petitioner is currently held at the Sand Ridge Secure Treatment Center.

  Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

---

[1] Steve Watters is the director of the Sand Ridge Secure Treatment Center, where petitioner is currently held. Thus, he is the proper respondent in this case, and I have changed the caption to reflect this correction.

Petitioner alleges several grounds for relief in his petition.  He claims improper evidentiary rulings, including the admission of hearsay evidence and the use of medically inappropriate diagnoses as evidence.  He asserts the denial of right to counsel, including interference with communication with counsel, ineffective assistance of counsel, and refusal to honor a request to dismiss counsel.  He also alleges that witnesses proffered evidence based on factually inaccurate information.  Finally, he claims that the Wis. Stat. chapter 980 is unconstitutional.

The claim that chapter 980 is unconstitutional does not present a cognizable constitutional claim, as the statute at issue has already been deemed constitutional. Petitioner argues that chapter 980 violates the double jeopardy and ex post facto clauses of the Constitution, but the Seventh Circuit has previously rejected those arguments.  See Burgess v. Watters, 467 F.3d 676, 684-86 (7th Cir. 2006) (discussing Kansas v. Hendricks, 521 U.S. 346 (1997), in which the Supreme Court held that a statute "materially identical" to chapter 980 violated neither the double jeopardy clause of the Constitution nor the ex post facto clause).  Thus, I cannot allow this claim to proceed.

As to the remaining claims, the grounds asserted present cognizable constitutional issues.  For example, habeas relief can be appropriate if evidentiary rulings were so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial.  Anderson v. Sternes, 243 F.3d 1049, 1053 (7th Cir. 2001).  Additionally, denial of the right to counsel clearly implicates constitutional concerns, see Vitek v. Jones, 445 U.S. 480, 492, 496-97 (1980), and ineffective assistance of counsel is a constitutional ground for habeas relief under Strickland v. Washington, 466 U.S. 668 (1984), and its progeny.

The claim that witnesses relied on factually inaccurate information is also a cognizable constitutional ground for habeas relief. See United States v. Mannino, 212 F.3d 835, 846 (3d Cir. 2000) (stating that a petitioner's due process rights are implicated if a sentence was imposed based on legal or factual error). Thus, the remaining claims present at least colorable constitutional issues, and I will not dismiss them at this time.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999).

In this case, petitioner pursued direct appeal of his civil commitment through the state court system to the state supreme court. The Court of Appeals of Wisconsin affirmed the judgment and order of the circuit court, In re Commitment of Roberts, 731 N.W.2d 382 (Mar. 13, 2007), and the Supreme Court of Wisconsin denied review, State v. Roberts, 737 N.W.2d 432 (June 12, 2007). Petitioner asserted the claims set forth in this petition throughout the state appellate process. Thus, it appears that petitioner exhausted his state court remedies.

**THEREFORE, IT IS ORDERED** that Steve Watters is substituted as the proper respondent in this case.

**FURTHER, IT IS ORDERED** that Kenneth A. Robert's petition for a writ of habeas corpus is permitted to proceed except as to the claim that Wis. Stat. chapter 980 is unconstitutional.

**FURTHER, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must

not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Steve Watters and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 10 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge