UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KENNETH A. ROBERTS**
        **Petitioner,**

   v.                                            **Case No. 07C0722**

**STEVE WATTERS**
        **Respondent.**

## MEMORANDUM OPINION

August 10, 2007, Kenneth Roberts filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his civil commitment under Wis. Stat. chapter 980 violated the Constitution. His petition claimed improper evidentiary rulings, denial of right to counsel and that Wis. Stat. chapter 980 is unconstitutional. Upon prompt initial consideration of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, I dismissed his constitutional attack on chapter 980 based on case law upholding the statute as constitutional. I permitted his other claims to proceed. Roberts attempted to appeal the dismissal, but failed because the rest of his action was still active in district court.

Roberts now moves the court under Federal Rule of Civil Procedure 54(b) to certify the dismissal of his constitutional claim as a final judgment that can be appealed while the remainder of his claims are litigated in the district court. I will deny his motion. The general rule is that a final judgment leaves nothing to be decided. See Horn v. Transcon Lines, Inc., 898 F.2d 589, 592 (7th Cir.1990). Thus "one appeal per case" has become the norm that prevents duplicative and time-consuming piecemeal appeals. United States v. Ettrick Wood Prods., Inc., 916 F.2d 1211, 1218 (7th Cir.1990). The exception to this general rule

is when "the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). However, here just reason for delay exists. Roberts has not provided any explanation that would counterbalance the conservation of judicial resources. Certifying final judgment over the constitutional claim would split the case in two, creating an unnecessary burden on both the judiciary and respondent. The Court of Appeals would likely be required to review the facts of the case more than once. I see no reason to require it to do so.

**IT IS THEREFORE ORDERED** that Roberts's motion for final judgment certification for his constitutional claims is **DENIED**.

**IT IS FURTHER ORDERED** that Roberts's motion for leave to appeal in forma pauperis is **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 30 day of July, 2009.

/s
LYNN ADELMAN
District Judge