# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH A. ROBERTS**
          **Petitioner,**

    **v.**                          **Case No. 07C0722**

**STEVE WATTERS,**
          **Respondent.**

## DECISION AND ORDER

Pro se petitioner Kenneth Roberts seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his civil commitment as a sexually violent person under Wis. Stat. Ch. 980. I previously dismissed his constitutional attack on Chapter 980 and permitted his other claims to proceed. They are before me now.

The relevant facts are as follows: while petitioner was serving a sentence for first-degree sexual assault of a child, the State of Wisconsin petitioned to have him committed. A jury agreed, and the state committed petitioner. Petitioner appealed, and the state court of appeals affirmed the commitment. The state supreme court denied review. In his habeas petition, petitioner raises six claims. (See Pet'r's Main Br. at 1.) I may grant relief to petitioner only if the decision of the state court of appeals was contrary to or unreasonably applied clearly established United States Supreme Court precedent. § 2254(d)(1).

Petitioner's first claim is that the trial court admitted hearsay evidence in violation of his rights under the Confrontation Clause of the Sixth Amendment. Respondent argues that petitioner procedurally defaulted this claim. I agree. Petitioner procedurally defaulted

this claim in several ways. First, he did not raise a Confrontation Clause objection to the admission of any evidence in the trial court. The rule in Wisconsin is that such a failure waives a confrontation clause objection. See State v. Marshall, 113 Wis. 2d 643, 653 (1983). Further, petitioner did not fully and fairly present a Confrontation Clause claim to the state court of appeals. A federal habeas petitioner must fully and fairly present his federal claims in the state courts as a condition of obtaining federal review of such claims. Verdin v. O'Leary, 972 F.2d 1467, 1475 (7th Cir. 1992). Finally, petitioner failed to raise a Confrontation Clause claim in his petition for review to the state supreme court as required by O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Because petitioner procedurally defaulted any Confrontation Clause claim, I cannot consider the merits of such claim unless he shows cause for the default and prejudice therefrom or that enforcing the default would result in a fundamental miscarriage of justice. Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003). Petitioner does not attempt to show cause or prejudice, and although he asserts innocence, he presents no evidence supporting such claim.

Petitioner's second claim is that his Sixth Amendment right to counsel was violated when the trial court declined to allow him to address his counsel or the court during a telephone hearing concerning post-verdict motions. Respondent argues that petitioner procedurally defaulted this claim. I agree. Petitioner procedurally defaulted this claim in various ways. First, he failed to appeal from the trial court's order denying his post-verdict motions. Second, he did not raise this issue in any of his briefs in the state court of appeals. Third, to the extent that petitioner touched on this claim in his petition for review in the state supreme court, he failed to characterize it as a federal constitutional claim or to alert the court to its federal constitutional nature. Further, petitioner does not establish

2

cause or prejudice regarding this claim or that failing to consider it will cause a fundamental miscarriage of justice.

Petitioner's third claim is that his trial counsel was ineffective, resulting in the deprivation of his Sixth Amendment right to the effective assistance of counsel. Respondent argues that petitioner procedurally defaulted this claim. I agree. Under Wisconsin law, a claim of ineffective assistance of counsel must be presented to the trial court in the form of a motion after verdict. See State v. Machner, 92 Wis. 2d 797, 804 (Ct. App. 1979). Petitioner filed motions after verdict in the trial court but did not include a claim that his trial counsel was ineffective. Thus, the state court of appeals determined that petitioner had waived his right to assert such a claim. Thus, the rejection of the claim by the state court of appeals rests on an independent and adequate state ground. See Gomez, 350 F.3d at 679. Therefore, petitioner may not raise the merits of the claim in federal court. Petitioner does not attempt to establish cause or prejudice in connection with this default nor does he show that a miscarriage of justice would result if the claim were not considered.

Petitioner's fourth claim is that he was denied his Sixth Amendment right to the effective assistance of counsel when the trial court and/or the state public defender's office refused to honor his request to dismiss his trial counsel and appoint a new lawyer. Respondent contends that petitioner procedurally defaulted this issue. I agree. The state court of appeals denied this claim because petitioner did not develop an argument supporting it. Further, petitioner does not establish cause or prejudice for his default or show that failure to consider the merits of the claim would result in a miscarriage of justice. Further, even it I were to consider the merits of the claim, petitioner would not prevail. This

3

is so because the record of the colloquy between petitioner and the trial judge shows that the judge informed petitioner of the myriad of problems that can occur with a mid-trial switch of counsel. The trial judge informed petitioner that he would take no further action on this request but noted that if petitioner still wished to replace his counsel, he could do so with another request to the public defender's office. Petitioner presents no evidence that shows that he made a subsequent request, and his assent to the trial judge's statements and actions during this colloquy suggest that petitioner had decided against changing counsel midstream.

Petitioner's fifth claim is that his rights under the Sixth Amendment were violated when psychological evaluations prepared by Dr. Jurek and Dr. Fields were admitted in evidence. However, the reports of these doctors were not presented to the jury. Moreover, petitioner did not object to their testimony and thus waived any right to subsequently object. Finally, petitioner presents no federal constitutional basis for his objection. To the extent that he does, he appears to subsume the argument in his Confrontation Clause argument, but as discussed, petitioner procedurally defaulted such argument.

Petitioner's sixth argument is that Drs. Jurek and Fields violated various ethical constraints and rules in connection with diagnosing petitioner. However, petitioner presents no constitutional argument on this point and no argument that is cognizable in a federal habeas proceeding.

Therefore, for the reasons stated,

**IT IS ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED.**

4

Dated at Milwaukee, Wisconsin this 3 day of December, 2009.


/s_____
LYNN ADELMAN
District Judge